1 W. SCOTT QUINLAN, #101269
Attorney at Law
2 2333 Merced Street
Fresno, CA 93721
3 Telephone: (559) 442-0634
Facsimile : (559) 233-6947
4

5 Attorney for Defendants

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10 * * * * *

11
JOE HAND PROMOTIONS, INC.          )   Case No. CIV F-09-00296 AWI-GSA
12                                  )
                                    )   **DEFENDANTS' NOTICE OF MOTION**
13          Plaintiff,               )   **AND MOTION FOR SUMMARY**
                                    )   **JUDGMENT AND/OR ADJUDICATION**
14 vs.                               )   **OF PLAINTIFF'S CAUSES OF ACTION**
                                    )
15 SANTA FE HOTEL, INC., d/b/a      )
   SHEPHERDS INN, JANET STONE       )
16 RUSSELL STONE, STEPHEN           )   DATE:    April 27, 2009
   STONE, and CLAUDIA STONE         )   TIME:    1:30 p.m.
17                                  )   COURT:   Honorable Anthony W. Ishii
          Defendants                )
18

19          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that on April 27, 2009 at 1:30 p.m. in the above-captioned

21 court, or as soon thereafter as the matter may be heard, Defendants JANET STONE, RUSSELL

22 STONE, STEPHEN STONE, and CLAUDIA STONE will move the Court for an order

23 summarily adjudicating that each defendant has no liability to plaintiff in it's two federal causes

24 of action on the grounds that said actions are barred by the statute of limitations. Defendants will

25 also move for an order dismissing the remaining state pendant causes of action for lack of subject

26 matter jurisdiction. Further, upon dismissal of Russell Stone said defendant moves for dismissal

27 of defendant Santa Fe Hotel, Inc., who's liability is vicarious and predicated upon his actions and

28 inactions.

This motion is brought pursuant to FRCP Rule 56, and is based upon Plaintiff's complaint, the declaration of Russell Stone filed in support of Defendant Santa Fe Hotel, Inc's motion for relief from default, this motion and points and authorities filed herewith, and such other and further declarations and case law as may be adduced at or prior to the hearing of the motion.

Dated:   March 27, 2009                                    Respectfully submitted,


                                         /s/ W. Scott Quinlan
W. Scott Quinlan, Attorney for Defendants
SANTA FE HOTEL, INC., JANET STONE,
RUSSELL STONE, STEPHEN STONE,
and CLAUDIA STONE

**POINTS AND AUTHORITIES**

**A.    Introduction**

Defendants are being sued by a California Corporation that asserts federal question jurisdiction based upon its first two causes of action.  Count One alleges a violation of Title 47 U.S.C. Section 605 occurring on May 27, 2006, and seeks statutory penalties of $100,000.00 plus fees and costs for each alleged violation.  Count Two alleges a violation of 47 U.S.C. Section 553 occurring on the same date and seeks statutory penalties pursuant to that code section.  Count Three alleges the state law tort of conversion occurring on the same day based on the same act. Count Four alleges unfair competition in violation of Business and Professions Code Section 17200 et seq based upon the same act on the same day.

**B.    Counts One And Two Are Barred By The Statute Of Limitations**

The Ninth Circuit has recently held that causes of action for prohibited unauthorized receipt and use of radio communications under 47 U.S.C. Section 605 (Count One) are subject to California's one year statute of limitations for an action upon a statute for a penalty or forfeiture (California Code of Civil Procedure Section 340).  The court, in DirecTV, Inc. v. Webb (9th Cir., 2008) 545 F.3d 837, declined to follow some of the other circuits which had either used a 3 year statute of limitations borrowed from federal copyright law, or the statute of limitations for

conversion. The court held that California statutes specifically provided a parallel state violation in its Piracy Act to deter the unauthorized receipt of any program or service carried by a multi-channel video or information services provider by means of specifically forbidden conduct (page 848). Although the court was addressing the similarities between the Piracy Act and 47 U.S.C. Section 605, the court also noted that the Piracy Act clearly covered conduct prohibited by 47 U.S.C. Section 553(a), which is alleged in Count Two. Based upon the similarity between the federal act and California's Privacy Act, the 9th Circuit Court of Appeal has held that the one year statute of limitations applicable to actions brought under the Piracy Act also applied, as the most applicable state statute of limitations, to the parallel federal violation.

Based upon this authority, as well as a very similar analysis in Kingvision Pay-Per-View, Ltd v. 898 Belmont, Inc. (E.D. Pa, 2002), attached hereto, defendants submit that Counts One and Two are, on their face, barred by the one year statute of limitations.

**C.    The Remaining State Counts Should Be Dismissed For Lack Of Jurisdiction**

The sole basis for this Court's jurisdiction is federal question jurisdiction based upon plaintiff's first two causes of action. Upon dismissal of those causes of action, defendants move to dismiss the remaining pendent state causes of action for lack of jurisdiction pursuant to Rule 12(b)(1). Generally, state law claims should be dismissed if the federal claims are dismissed before trial (United Mine Workers v. Gibbs (1966) 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d at 228, Montero v. AGCO Corp. (E.D. Cal., 1998) 19 F.Supp.2d 1143).

**D.    Upon Dismissal Of The Individual Defendants, The Vicariously Liable Corporate Defendant Should Also Be Dismissed**

The declaration of Russell Stone establishes that he was the one who ordered the fight program that plaintiff is suing over. He was working for Defendant Santa Fe Hotel, Inc. at the time that he did so. Defendant Santa Fe Hotel, Inc. has moved to set aside the default taken against it by the plaintiff for good cause. That motion is pending to be heard on the same date and time as this motion. Because the corporate defendant's liability is based upon the actions of Russell Stone, who has responded to the complaint by timely moving to dismiss the action, any judgment entered for Russell Stone, should also be entered for the corporate defendant,

1 regardless of whether or not a default is entered against the corporation.  The reason for this is to
2 avoid logically inconsistent judgments in the same action.  This rule has been applied where the
3 liability of the defaulted party is joint (<u>Frow v. De La Vega</u> (1872) 82 U.S. 552, 554; <u>Hunt v.
4 Inter-Globe Energy, Inc.</u> (10th Cir., 1985) 770 F.2d 145, 148; <u>In re First T.D. & Invest., Inc.</u> (9th
5 Cir., 2001) 253 F.3d 520, 532; <u>Angelo Iafrate Const., LLC v. Potashnick Const., Inc.</u> (8th Cir.,
6 2004) 370 F.3d 715, 721-722).  It has also been applied where the defaulting party is sought to be
7 vicariously liable for the actions of others against whom the action continues.  The default
8 judgment would be an injustice if the others were ultimately found not liable (see <u>Harrell v. DCS
9 Equip. Leasing Co.</u> (5th Cir., 1992) 951 F.2d 1453, 1459, default judgment against corporation set
10 aside where its alter ago (shareholder) acquitted of wrongdoing). Finally, where a defendant has
11 similar defenses to a defaulted party, but they are not jointly liable, it may be improper to render
12 a default judgment against one of several defendants because it would be "incongruous and
13 unfair" to allow plaintiff to recover against that defendant when his or her defense is upheld in
14 the trial against the other defendants (<u>Gulf Coast Fans, Inc. v. Midwest Electronics Importers,
15 Inc.</u> (11th Cir., 1984) 740 F.2d 1499, 1512).

**CONCLUSION**

Defendants submit that plaintiff's first two causes of action are barred on their face by the one year statute of limitations.  Defendants submit that the remaining state law causes of action should be dismissed for want of jurisdiction upon the dismissal of the federal causes of action upon which subject matter jurisdiction in this court is based.  Finally, defendants submit that upon the dismissal of Russell Stone this Court should dismiss co-defendant Santa Fe Hotel, Inc., who's liability is premised upon the actions of Mr. Stone.

Dated:   March 27, 2009                                          Respectfully submitted,


                                            /s/ W. Scott Quinlan
                                      W. Scott Quinlan, Attorney for
                                      Defendants, SANTA FE HOTEL,
                                      INC., JANET STONE, RUSSELL
                                      STONE, STEPHEN STONE, and
                                      CLAUDIA STONE